IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SABINA LUNA VALDEZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:12-CV-635-Y |
| | § | |
| ERIC H. HOLDER JR.,<br>Attorney General, *et. al.*<br>Respondents. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.  PARTIES**

Petitioner Sabina Luna Valdez, Reg. No. 46413-179, is a federal prisoner currently incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

Respondent Eric H. Holder Jr. is the Attorney General of the United States. Respondent Joe Keffer is the Warden of FMC-Fort Worth. Petitioner also designates the Federal Bureau of Prisons (BOP) as a Respondent.

## C. PROCEDURAL HISTORY

The regional director of the BOP set out the relevant history of the case as follows:

> Investigation reveals [petitioner was] arrested by federal law enforcement officials on November 26, 2004, on drug charges, and bonded December 2, 2004. [Petitioner] was readmitted from bond on February 4, 2005. On June 28, 2005, [petitioner was] sentenced in the Southern District of Texas to a 46-month term of imprisonment for Importing 5.91 Kilograms of Cocaine. After sentencing, [petitioner was] transferred to a Bureau of Prisons facility for the service of [her] federal sentence. On May 30, 2008, [petitioner was] released via Good Conduct Time release to the United States Marshall Service (USMS) Western Louisiana. On May 28, 2009, [petitioner was] sentenced in the Western District of Louisiana to a 78-month term of imprisonment for Conspiracy to Possess With Intent to Distribute Cocaine, Cocaine Base and Marijuana. After sentencing, [petitioner was] transferred to a Bureau of Prisons facility for service of [her] federal sentence.

(Pet'r Mem., Ex. B)

The BOP has calculated Petitioner's 78-month sentence as commencing on May 28, 2009, the date the sentence was imposed and has awarded her 362 days of jail credit from May 31, 2008, to May 27, 2009. (Resp't App. at 3)

Petitioner contends the same criminal conduct resulted in both convictions; thus, on that basis, she seeks prior custody credit under 18 U.S.C. § 3585 for 440 days toward her 78-month term for the time she spent in the USMS's custody from February 15, 2007 to May 29, 2008 "in as much as [she] attended court proceedings until the day of her subsequent sentence and she was in <u>official custody prior to the sentencing of her subsequent sentences.</u>" and a holding that the Louisiana sentence should run concurrent to the Texas sentence under the Sentencing Guidelines. (Pet'r Mem. at 1-15) Petitioner sought administrative relief, to no avail. (Pet'r Mem, Exs. A-D) On appeal, the regional director responded as follows:

> Title 18 U.S.C. § 3585(b)[,] the statute authorizing the award of presentence credit, authorizes credit for time spent in official detention prior to the imposition of a

2

sentence that has not been credited against another sentence. In addition, Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984),* states, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."

Federal law enforcement officials confirmed you received presentence credit toward your original sentence from November 26, 2004, to December 2, 2004, and from February 4, 2005, to June 27, 2005. Your original sentence was computed as commencing on June 28, 2005, the date of imposition. You were released via Good Conduct Time release on May 30, 3008, to a USM detainer. Also, you received presentence credit toward your subsequent sentence from May 31, 2008, to May 27, 2009. Your subsequent sentence has been computed as commencing on May 28, 2009, the date of imposition. Your current projected release date is January 28, 2014, via Good Conduct Time release.

Based on a review of your sentence computation and the information above, your federal sentence has been accurately computed in accordance with Bureau of Prisons Policy and Federal Statute, therefore, your appeal is denied.

(Pet'r Mem., Ex. B)

In turn, the national inmate appeals administrator responded as follows:

This is in response to your Central Office Administrative Remedy Appeal in which you claim your sentence computation is incorrect. Specifically, you are requesting additional prior custody credit of 482 days, from February 4, 2007, through May 30, 2008, which you indicate would place your Projected Release Date at October 14, 2012.

A review of our records reveals you were serving a previous Federal sentence of 46 months, imposed by the United States District Court, Southern District of Texas, for Importing 5.91 Kilograms of Cocaine, from June 28, 2005, until you were released via Good Conduct Time Release on May 30, 3008. This includes the period from February 4, 2007, through May 30, 3008.

On May 28, 2009, you were again sentenced federally by the United States District Court, Western District of Louisiana, to a 78-month term for Conspiracy to Possess with Intent to Distribute Cocaine Base and Marijuana. Title 18, U.S.C. § 3585(b) prohibits the application of prior custody credit for time that was spent serving another sentence.

Your sentences were computed in accordance with the applicable statutes, Bureau of Prisons policy, and the Intent of the sentencing Court.

**D. PARTIES**

As a preliminary matter, respondent contends the Attorney General and the BOP are not proper parties to the action and the petition should, thus, be dismissed as to those party respondents. Respondent correctly notes that in a habeas corpus proceeding under § 2241, the correct respondent is the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Thus, respondents Eric H. Holder Jr. and the BOP should be dismissed as party respondents.

**E. DISCUSSION**

As to petitioner's prior-custody-credit claim, when assessing federal sentence calculations, there are two related yet distinct issues: (1) when service of the sentence commenced, and (2) the extent to which the defendant should be awarded credit for time spent in custody prior to commencing his or her sentence. 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>     **(1)** as a result of the offense for which the sentence was imposed; or
>     **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> <u>that has not been credited against another sentence.</u>

18 U.S.C. § 3585 (emphasis added).

4

Section 3585(b) dictates that petitioner is not entitled to credit on her 78-month federal sentence because the time at issue was credited to her previous federal sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to credit against her 78-month federal sentence for any time credited to her prior federal sentence. This includes the time she was on federal writ ad prosequendum. *United States v. Cibrian*, No. 09-40048, slip copy, 2010 WL 1141676, at *2 (5th Cir. Mar. 24, 2010) (not designated for publication); *Richardson v. Outlaw*, 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008) (not designated for publication).

Further, 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

There is no constitutional right to concurrent sentences. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). The federal criminal judgment is silent as to whether petitioner's 78-month sentence should run concurrent to her previous sentence. (Resp't App. at 7) Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *United States v. Hernandez*, 234 F.3d 252, 256-57 (5th Cir. 2000). Thus, petitioner's 78-month sentence is presumed to run consecutively to her 46-month sentence.

As to petitioner's relevant-conduct claim, § 2241 is not the proper avenue in which to raise the issue. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his or her sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner cannot meet her burden to invoke the savings clause. Her claim is not based on a retroactively applicable Supreme Court decision and should have been raised at trial, on appeal, or in her § 2255 motion filed in the convicting court. She cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Nor is petitioners's claim in nature of a claim that she is innocent of her drug conspiracy conviction. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that respondents Eric H. Holder Jr. and the BOP be dismissed as party respondents and the petition for writ of habeas corpus be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 21, 2013. In order to be specific, an objection must identify

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 21, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 31, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE